IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3184-M-BD |
| | § | |
| NURIA T. PRENDES, ICE/ERO | § | |
| Director, Dallas Field Office | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

In this *Bivens* action, Betty Lopez, a Mexican national who alleges that she was illegally removed from the United States, has filed a pleading entitled "Motion for Emergency Writ of Habeas Corpus."[1] As best the court understands this pleading, plaintiff wants the court to permit her to return to the United States with her newborn daughter so they can receive medical treatment, challenge prior removal proceedings, and reunite with family members.

A federal court may issue a writ of habeas corpus only if the applicant is "in custody." *See* 28 U.S.C. § 2241(c). Although the applicant need not be in actual physical custody to pursue a habeas action, there must be some type of restraint on liberty. *See Zolicoffer v. U.S. Dept. of Justice*, 315 F.3d 538, 540 (5th Cir. 2003). The Fifth Circuit recently joined three other circuits in holding that an alien who has been finally removed from the United States is not "in custody" for habeas

---

[1] Plaintiff seeks habeas relief under 28 U.S.C. § 2255. However, such relief is available only to federal prisoners who attack their convictions and sentences. 28 U.S.C. § 2255(a); *see also Heflin v. United States*, 358 U.S. 415, 420, 79 S.Ct. 451, 454, 3 L.Ed.2d 407 (1959). The court therefore construes plaintiff's motion as one for relief under 28 U.S.C. § 2241.

purposes. *Merlan v. Holder*, No. 11-20366, 2011 WL 6091152 at *1 (5th Cir. Dec. 6, 2011), *citing Kumarasamy v. Attorney General*, 453 F.3d 169, 173 (3d Cir. 2006); *Patel v. U.S. Attorney General*, 334 F.3d 1259, 1263 (11th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1159 (9th Cir. 2001). Because plaintiff has been removed to Mexico, she does not meet the "in custody" requirement of section 2241. Her application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

### RECOMMENDATION

Plaintiff's motion for an emergency writ of habeas corpus [Doc. #7] should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 21, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-2-