IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ, ET AL. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-3184-M-BD |
| | § | |
| NURIA T. PRENDES, ICE/ERO | § | |
| Director, Dallas Field Office | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Nuria T. Prendes, Director of the Dallas Field Office of U.S. Immigration and

Customs Enforcement ("ICE"), has filed a Rule 12(b)(1) motion to dismiss this civil action brought

by plaintiffs for declaratory and injunctive relief under the Administrative Procedure Act ("APA"),

5 U.S.C. § 706.  As grounds for dismissal, defendant contends that the court lacks jurisdiction to

adjudicate plaintiffs' claims, all of which arise out of the execution of a removal order against Betty

Lopez.  The issues have been briefed by the parties, and the motion is ripe for determination.

A brief recitation of the facts is necessary to the disposition of the pending motion.  In 1997,

Betty Lopez, a citizen and national of Mexico, attempted to enter the United States using a false

identity.  She was stopped at the border and removed on an expedited basis under 8 U.S.C. §

1225(b)(1).[1]  Betty subsequently re-entered the United States.  Although unsuccessful in her attempts

---

[1] Section 1225(b)(1) provides, in pertinent part:

> If an immigration officer determines that an alien . . . who is arriving in the United
> States . . . is inadmissible under section 1182(a)(6)(C) or 1182(a)(7) of this title, the
> officer shall order the alien removed from the United States without further hearing

to gain citizenship, Betty lived with her husband and children in Dallas for more than 12 years until March 1, 2011.  On that date, ICE agents went to the Lopez home for the purpose of taking Betty into custody and reinstating her prior removal order.  The agents allegedly perpetrated a ruse, misleading Betty and her husband into permitting them into their home.  The next day, ICE reinstated the prior removal order and removed Betty to Mexico without a hearing.  In this lawsuit, plaintiffs seek declaratory and injunctive relief arising from alleged violations of their Fourth and Fifth Amendment rights.[2]  Defendant now moves for dismissal on jurisdictional grounds.

Section 242(g) of the Immigration and Nationality Act provides, in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law . . . no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).  The Supreme Court has given this statute a narrow reading, applying it only to the limited subset of deportation claims implicating "the Attorney General's discrete acts of commencing proceedings, adjudicating cases, and executing removal orders -- which represent the initiation or prosecution of various stages in the deportation process." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483, 119 S.Ct. 936, 943, 142 L.Ed.2d 940 (1999) (internal quotation marks omitted).  The Fifth Circuit has also construed section 242(g) narrowly to preclude only claims arising from the discrete actions identified in the statute, rather than those bearing a

---

or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution.

8 U.S.C. § 1225(b)(1)(A)(i).

[2] In a supplemental pleading, plaintiffs sought an emergency writ of habeas corpus to permit Betty Lopez to return to the United States with her newborn daughter.  The writ was dismissed for lack of subject matter jurisdiction. *See Lopez v. Prendes*, No. 3-11-CV-3184-M-BD (N.D. Tex. Jan. 6, 2012), *appeal filed*, Apr. 11, 2012 (No. 12-10403).

"weak, remote, or tenuous connection to a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." *Humphries v. Various Federal USINS Employees*, 164 F.3d 936, 943 (5th Cir. 1999) (internal quotation marks omitted); *see also Foster v. Townley,* 243 F.3d 210, 214-15 (5th Cir. 2001).

In an attempt to circumvent the jurisdictional bar created by section 242(g), plaintiffs argue that the discretionary decisions of the Attorney General are not implicated by this lawsuit because they seek injunctive and declaratory relief under the Constitution, not federal immigration law. (*See* Plf. Resp. Br. at 5). Despite this novel argument, it is clear that plaintiffs' claims arise out of the execution of a removal order against Betty Lopez through her arrest and subsequent deportation to Mexico. The actions of ICE agents in gaining entry into the Lopez home and reinstating Betty's prior removal order are directly and immediately connected with the "initiation or prosecution of various stages in the deportation process." *Reno*, 119 S.Ct. at 943; *see also Foster*, 243 F.3d at 214 (finding that claims of excessive force, denial of due process, denial of equal protection and retaliation were "directly connected to the execution of the deportation order"); *Khorrami v. Rolince*, 493 F.Supp.2d 1061, 1068 (N.D. Ill. 2007) (claim that federal agents violated Fourth Amendment during execution of removal order "was a direct outgrowth of the decision to commence proceedings"). Consequently, the court lacks subject matter jurisdiction to adjudicate those claims.

## RECOMMENDATION

Defendant's motion to dismiss [Doc. #15] should be granted. This case should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  June 27, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE